By the Court.
Sedgwick, Ch. J.
The learned counsel for the defendant maintains that the action is at law of the genus replevin, and requires a trial by jury. It is to be observed that the defendant has had a trial by jury. It is, however, not certain that the action is in the nature of replevin or detinue. The same facts that would give in respect of a right to recover possession of a written document, a remedy at law, may also give a remedy of an equitable kind, at the election of the plaintiff. “But there are cases of personal goods and chattels, in which the remedy at law by damages would be utterly inadequate and leave the injured party in a state of irremediable loss. In all such cases, courts of equity will interfere and grant full relief by requiring a specific delivery of the thing which is wrongfully withheld ” (Story Eq. § Y09). In the note to that section a reference to a condition of things stated in the complaint as to part of the property, is applicable. “Belief will also be granted, when the party in possession has acquired such possession through *479 an alleged abuse of power on the part of one standing in a fiduciary relation to the plaintiff.” The complaint says that the defendant received the assignment in trust. In Jackson v. Butter (2 Atk. 306), the bill was to recover possession of a mortgage and an assignment of it. The chanceller said the plaintiff might have had an action of trover, but then he could only have damages for the detaining, but not the deeds themselves, and therefore is proper in bringing a bill here for the recovery of his deeds.
The same facts may sustain the action in equity and the action at law, with the difference that in the former it should appear that damages will not make a full remedy. If this action had been tried as an equity action is usually tried, and all the facts had been formally found by the judge that have here been found by the jury, it would have been no ground to set the judgment entered on the findings aside, because the complaint did not aver and the judge did not find, that the plaintiff would not have redress by receiving an amount as damages. Nor indeed, would that be held error on appeal if no question as to it had been raised on the trial. It cannot in such a proceeding as that below, be determined that the intrinsic nature of the documents claimed did not show that the plaintiff was entitled to a judgment, that the defendant deliver, etc.
The jury at the instance of defendant determined all the issues of fact in favor of plaintiff. They found that all the facts stated in the complaint existed, and they also found for the plaintiff, so far at least as presumption goes, that the defendant at the beginning of the action held possession of the assignment and release. Thereupon, the plaintiff claimed, that upon these facts, the law gave him the remedy he afterwards obtained. He had demanded in the complaint a relief of that kind. He did not ask the usual judgment at law. The judge who tried the case granted the application. This was done ex parte and upon no findings of fact. Neither of these things were *480 relied upon on the motion to vacate, nor did the defendant claim that there should be a further trial at special term, if such a judgment were to be demanded. The ground was definite, that the action was at law and the verdict did not authorize the judgment. But it has already been considered that it does not appear that the action was at law, and certainly the verdict per se is not unconsistent with the judgment that was entered. There is a semblance of irregularity in trying an equity case, as to the facts solely before a jury, without a special order for it.* The plaintiff however, attempted to try the issues before a judge. The defendant objected to this and had the case stricken from the special term calendar, on the ground that it was an action at law. Such perhaps, though that does not appear, was the ground on which the court directed by implication that if the plaintiff proceeded to trial, he must do so before a jury. But his order had no further effect than to determine for the purpose of trying the issues of fact, that the jury should pass upon them. It did not operate to determine, that if the facts found by the jury upon the pleadings as they stood, showed that the plaintiff was entitled to an equity remedy, he should be deprived of it, because a jury instead of a judge had found all the facts for plaintiff. It is supposed that the judgment is against the direction of the Code of Civil Procedure, sections 1726, 1730, 1731; Fitzhugh v. Wiman (9 N. Y. 559) ; Dwight v. Enos (Ib. 470) ; and Gallarati v. Orser (27 16. 324). These cases and these sections should be applied to actions where the plaintiff claims a legal remedy. The sections were not intended to abrogate any remedy in equity that would exist after they were passed, and there is nothing that tends to show that they were meant to destroy the equity remedy.
The practice in the case was unusual, but there is nothing to show that the judgment actually entered was not a mere conclusion of law from the facts found by the *481 jury, after the defendant had demanded a jury trial. It is easily to be supposed that this Mnd of a trial waived all questions of practice, so far as defendant was concerned ; but the motion below was not placed upon matters of practice, but solely upon the compatibility of such a judgment with the verdict that was rendered in such a case. It should, perhaps, be noticed, that the affidavit states that the learned judge in charging the jury, said that there were no equities in the case, but that it was one of law. This did not injure the defendant, and was not in the nature of an adjudication as to what the plaintiff’s remedy was. It did not affect the merits of the decision of the judge, when he considered the nature of the remedy the plaintiff was entitled to. I again point out that the defendant did not ask that the judgment should be set aside, because notice of application for it was not given, or because the judge had made no finding of fact. The ground was, that it appeared from the pleadings and the verdict, that the plaintiff could have only a judgment that was appropriate in an action at law. If the judge erred in adjudicating that the plaintiff was entitled on the facts found by the jury to equity relief, that should be the subject of an appeal. The matter relates not to the form of the judgment, but to a substantial part of a claim for a certain kind of relief.
Order affirmed, with $10 costs, and disbursements to be taxed.
Ingraham, J., concurred.

 Note.—As to partition actions see Code Oitil Procedure, § 1544.